**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS )<br><br>Plaintiffs, )<br><br>v. )<br><br>PRESLER TRUCKING, INC.<br>an Illinois corporation not in good standing, and )<br>SHARON SULLIVAN, Individually )<br><br>Defendants. ) | No. `FILED: APRIL 22, 2008`<br>`08CV2277         TG`<br>Judge `JUDGE KENDALL`<br>`MAGISTRATE JUDGE KEYS` |

**COMPLAINT**

Plaintiffs, TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION AND WELFARE FUNDS ("Funds"), by their attorneys, John J. Toomey, of Arnold and Kadjan, complain against Defendant, PRESLER TRUCKING, INC., an Illinois corporation not in good standing, as follows:

**COUNT I**

**JURISDICTION AND VENUE**

1.     (a)     Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132 ("ERISA") and 29 U.S.C. 1145 as amended.

(b)     Venue is founded pursuant to 29 U.S.C. Section 1132(e) (2) in this district, where the Fund as described in Paragraph 2, is administered.

## PARTIES

2.    (a)    Plaintiffs are the TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION AND WELFARE FUND ("Funds") and have standing to sue pursuant to 29 U.S.C. 1132(a)(3).

(b)    The SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE PENSION AND WELFARE FUNDS have been established pursuant to collective bargaining agreement previously entered into between the International Brotherhood of Teamsters and its affiliated locals ("the Union") and Employers;

(c)    The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws, and also pursuant to the terms and provisions of the Agreements and Declarations of Trust which establishes the Funds.

3.    (a)    PRESLER TRUCKING, INC., an Illinois corporation not in good standing, employs persons represented by the Union and is bound to make contributions for weeks worked by all employees and upon subcontractors who perform work which would otherwise be performed by employees.

(b)    PRESLER TRUCKING, INC., is an Illinois corporation not in good standing, with its principal place of business at Manhattan, Illinois.

(c)    PRESLER TRUCKING, INC., an Illinois corporation not in good standing, is an employer engaged in an industry affecting commerce.

4.    PRESLER TRUCKING, INC., an Illinois corporation not in good standing, entered into an Area Construction Agreement with Teamsters Local 179 which requires

contributions to the Fund for periods including June 1, 2006 through May 31, 2009 pursuant to 29 U.S.C. 1145.

5.    Defendant, SHARON SULLIVAN, is the President of Defendant, PRESLER TRUCKING, INC.

6.    Pursuant to the collective bargaining agreement between PRESLER TRUCKING, INC., an Illinois corporation not in good standing, and the Union, PRESLER TRUCKING, INC., has failed and continues to fail to make its obligated contributions to the Fund for the period May, 2007 through December, 2007, as disclosed in an audit which took place on January 7, 2008.

7.    The audit disclosed $13,837.25 due the Welfare Fund and $13,660.72 due the Pension Fund for a total of $27,497.97.

WHEREFORE, Plaintiffs pray:

A.    This court enter judgment in favor of the Plaintiffs and against PRESLER TRUCKING, INC., an Illinois corporation, in the amount of the audit, $27,497.97.

B.    That this court award the plaintiffs their attorneys' fees, costs, interest, and liquidated damages pursuant to 29 U.S.C. 1132(g)(2) and the relevant collective bargaining agreements and trust agreements.

C.    That the Court grant such further relief as is proper.

## COUNT II

1.    Plaintiffs restate and reallege Paragraphs 1-5 of Count I as Paragraphs 1-5 of Count II as if fully set forth herein.

6.     Pursuant to the collective bargaining agreement between PRESLER TRUCKING, INC., an Illinois corporation not in good standing, and the Union, PRESLER TRUCKING, INC., has failed and continues to fail to make its obligated contributions to the Fund for the period May, 2005 through June, 2007, as disclosed in an audit which took place on August 15, 2007.

7.     The audit disclosed $7,265.25 due the Pension Fund.

8.     On September 28, 2007 the corporation entered into an installment note (attached as Exhibit B) with the Suburban Teamsters of Northern Illinois Pension Fund for the May, 2005 through June, 2007 contributions in the principal amount of $7,225.70 with a balance remaining of $3,703.07 for the payment of delinquent benefit contributions (Exhibit C).

9.     The note acknowledges on its face that its is a written agreement and constitutes an instrument in writing upon which contributions are due pursuant to 29 U.S.C. 1145.

WHEREFORE, Plaintiff, prays for judgment against the Defendant, PRESLER TRUCKING, INC., an Illinois corporation not in good standing, as follows:

A.     The Court enter judgment in favor of the Plaintiff Fund and against PRESLER TRUCKING, NC., an Illinois corporation not in good standing, in the amount of $3,703.07 the accelerated outstanding balance due on the Pension installment note (Exhibits B-C).

B.     The Court grant the Fund all relief permitted under 29 U.S.C. 1132(g)(2) including liquidated damages, interest and reasonable attorneys fees.

4

C.      The Court, pursuant to the terms of the notes, grant the Fund the principal amount of the pension note plus interest and all reasonable costs of collection, including reasonable attorneys fees.

D.      The Court grant the Plaintiff Fund injunctive relief to prevent disbursement of assets or payment of other creditors prior to payment of current delinquent and note payments.

## COUNT III

## SHARON SULLIVAN

1.      This Count arises from a common nucleus of operative fact with Count II and is pendent thereto.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. 1367

2-9.    Plaintiffs restate and reallege Paragraphs 1-9 of Count II as Paragraphs 2-9 of Count III as if fully set forth herein.

10.     SHARON SULLIVAN signed the Pension promissory note individually in her personal capacity, as an additional maker on the notes (Exhibit B).  SHARON SULLIVAN is an adult, suffers from no mental infirmities and is literate.

11.     The Defendant corporation lacks the present ability to pay its fringe benefit debt and demand has been made for payment.

12.     The remaining balance due the Pension Fund on the note is $3,703.07 plus interest and attorneys fees and cost of collection as provided in the terms of the note.

13.     SHARON SULLIVAN, Individually as co-maker and guarantor on the notes is personally liable for the debt

WHEREFORE, Plaintiff prays for judgment against SHARON SULLIVAN, Individually as follows:

A.     The Court enter judgment in favor of the Plaintiff Fund and against SHARON SULLIVAN, in the amount of $3,703.07 the accelerated outstanding balance due on the Pension installment note (Exhibit B).

B.     That the Court pursuant to the terms of the promissory notes grant the Plaintiff Fund the principal amount of the note plus interest and all reasonable costs of collection including reasonable attorneys fees.

C.     That the Court grant such other relief as is appropriate under the circumstances

TRUSTEES OF THE SUBURBAN
TEAMSTERS OF NORTHERN
ILLINOIS PENSION AND WELFARE
FUNDS, Plaintiff

By: _____
            One of Its Attorneys

John J. Toomey
ARNOLD AND KADJAN
19 West Jackson Boulevard
Chicago, Illinois  60604
(312) 236-0415

# **<u>EXHIBIT A</u>**

Presler Trucking, Inc.
01639 5510

# AREA CONSTRUCTION AGREEMENT
### BETWEEN

## TEAMSTERS LOCAL 179
An Affiliate of the
INTERNATIONAL BROTHERHOOD OF TEAMSTERS

### And

## CONTRACTORS ASSOCIATION OF WILL AND GRUNDY COUNTIES



JUNE 1, 2006 THROUGH MAY 31, 2009

SEP. 22, 2006 10:44AM   TEAMSTERS LOCAL 179   NO. 1341   P. 18



their position and neither the grievance and arbitration pro-
visions of this Agreement nor the no-strike-no-lockout pro-
visions shall be applicable.

## ARTICLE 10.
## Duration and Termination

30.1 This Agreement shall become effective on June 1,
2006, and shall remain in force and effect until and includ-
ing May 31, 2009. After May 31, 2009, this Agreement
shall be renewed automatically for periods of one (1) year
unless either CAWGC, the Employer or the Union gives
written notice to the other of a desire to modify, amend or
terminate same at least sixty (60) days prior to the expira-
tion of any such period.

In witness whereof, the parties have hereunto set their
hands this 1st day of
June, 2006.

**CONTRACTORS ASSOCIATION OF WILL AND
GRUNDY COUNTIES**

BY: _____

PRESIDENT _____

DATE: 6-26-06

**TEAMSTERS LOCAL 179**

BY: _____

TITLE: President

DATE: 9/15/06

**FOR NON-ASSOCIATION EMPLOYERS**

**FOR TEAMSTERS LOCAL 179**

BY: _____

TITLE: President

DATE: 9/15/06

**FOR THE COMPANY**

COMPANY: Presler Trucking Inc

ADDRESS: 804 Andrew Dr.

City Manhattan    State IL    Zip 60442

PHONE: 815-478-3958

BY: _____

TITLE: President

DATE: 9-13-06

38

39

# <u>EXHIBIT B</u>

## SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS FRINGE BENEFITS

### Presler Trucking, Inc. : Pension Fund
**August 30, 2007**

For value received, the undersigned promises to pay to the order of Suburban Teamsters of Northern Illinois **Pension** Fund the principal total of $ 7,225.70 ( **Seven Thousand Two Hundred Twenty Five and 70/100** dollars.)

The maker of this Note acknowledges that the above indebtedness represents fringe benefit contributions and other costs and charges due and owing pursuant to applicable provisions of the Employee Retirement Income and Security Act 29 U.S.C. 1145. For contributions due for the period September, 2006 through April, 2007.

The Employer shall make a **down payment** of $ 1,806.43 on August 30, 2007, leaving a principal **balance** of $ 5,419.27. That balance is to be paid with 10% annual interest in **12** equal and consecutive monthly **installments of $ 476.44** beginning on September 30, 2007. Payments should be sent to:

      Suburban Teamsters of Northern Illinois
      1275 W. Roosevelt Rd. Unit 121
      West Chicago, IL 60185

Or such other place as may be directed by the legal holder of this Note.

**The Employer is to remain current in regular monthly contributions.** Failure to do so will be considered a default, causing the remaining unpaid Note balance to become immediately due and payable.

The undersigned hereby irrevocably authorizes any attorney of any court of record to appear for the undersigned in such court, in term time or vacation, at any time after default in the payment of any installment of the principal hereof, and confess judgment without process in favor of the payee or holder of this Note for the unpaid amount, together with costs of collection including reasonable attorney's fees, and to waive and release all errors which may intervene in such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that said attorney may do by virtue hereof.

All parties hereto severally waive presentment for payment, notice of dishonor and protest.


By: _Sharon M. Sullivan_       Date: _9-28-07_
      Sharon M. Sullivan , President
      Presler Trucking, Inc.


_Sharon M. Sullivan_       Date: _9-28-07_
      Sharon M. Sullivan , Individually

# **<u>EXHIBIT C</u>**

## Presler Trucking, Inc

Er #    4539

### Pension Fund

PRINCIPAL TOTAL: $   (7,225.70)

DOWN PYMT:    $1,806.43          Date: August 30, 2007

Ck #:   *1544*

PRINC BALANCE: $   (5,419.27)

NMBR  PYMNTS:    12

MNTHLY PYMT:    **$476.44**   **/month**

| | Date DUE | NOTE BALANCE | PEN PYMNT | PRINC PD | CURRENT PRINC BAL | | Date | Check # |
|---|---|---|---|---|---|---|---|---|
| | | | PAY THIS... ...OR THIS | | AFTER REGULAR PAYMENT | | Payments | Made |
| 1 | 09/30/07 | 5,464.43 | 476.44 | 431.28 | 4,987.99 | 1 | 9/30/07 | 1563 |
| 2 | 10/30/07 | 5,029.56 | 476.44 | 434.87 | 4,553.12 | 2 | 10/25/07 | 1590 |
| 3 | 11/30/07 | 4,591.06 | 476.44 | 438.50 | 4,114.62 | 3 | 11/27/07 | 1625 |
| 4 | 12/30/07 | 4,148.91 | 476.44 | 442.15 | 3,672.47 | 4 | 1/3/08 | 1638 |
| 5 | 01/30/08 | 3,703.07 | 476.44 | 445.84 | 3,226.63 | 5 | 2/4/08 | 1654 |
| 6 | 02/28/08 | 3,253.52 | 476.44 | 449.55 | 2,777.08 | 6 | | |
| 7 | 03/30/08 | 2,800.22 | 476.44 | 453.30 | 2,323.78 | 7 | | |
| 8 | 04/30/08 | 2,343.15 | 476.44 | 457.07 | 1,866.71 | 8 | | |
| 9 | 05/30/08 | 1,882.26 | 476.44 | 460.88 | 1,405.82 | 9 | | |
| 10 | 06/30/08 | 1,417.54 | 476.44 | 464.72 | 941.10 | 10 | | |
| 11 | 07/30/08 | 948.94 | 476.44 | 468.60 | 472.50 | 11 | | |
| 12 | 08/30/08 | 476.44 | 476.44 | 472.50 | (0.00) | 12 | | |