IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS<br><br>Plaintiffs,<br><br>v.<br><br>PRESLER TRUCKING, INC., an Illinois corporation not in good standing, and SHARON SULLIVAN, individually<br><br>Defendants. | No. 08 CV 2277 |

## ANSWER TO COMPLAINT

Presler Trucking, Inc. ("PTI") and Sharon Sullivan ("Sullivan"), by their attorneys, Ronald A. Damashek and Jeremy P. Kreger, of Stahl Cowen Crowley Addis LLC, for their Answer to the Complaint of TRUSTEES OF THE SUBURBAN TEAMSTER OF NORTHERN ILLINOIS PENSION AND WELFARE FUNDS, state as follows:

### COUNT I

### JURISDICTION AND VENUE

1.  (a)  Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132 ("ERISA") and 29 U.S.C. 1145 as amended.

    (b)  Venue is founded pursuant to 29 U.S.C, Section 1132(e) (2) in this district, where the Fund as described in Paragraph 2, is administered.

**ANSWER:** The allegations pled in Paragraph 1 constitute a legal conclusion, not allegations of fact to which PTI is required to respond and, therefore, PTI denies the same.

1

## PARTIES

2. (a) Plaintiffs are the TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION AND WELFARE FUND ("Funds') and have standing to sue pursuant to 29 U.S.C. 1132(a)(3).

(b) The SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE PENSION AND WELFARE FUNDS have been established pursuant to collective bargaining agreement previously entered into between the International Brotherhood of Teamsters and its affiliated locals ("the Union") and Employers;

(c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws, and also pursuant to the terms and provisions of the Agreements and Declarations of Trust which establishes the Funds.

**ANSWER**: The allegations pled in Paragraph 2(a) constitute a legal conclusion, not allegations of fact to which PTI is required to respond and, therefore, PTI denies the same. PTI is without sufficient information to for a belief as to the truth of the allegations pled in Paragraph 2(b) and, therefore, PTI denies the same and demands strict proof thereof. The allegations pled in Paragraph 2(c) constitute a legal conclusion, not allegations of fact to which PTI is required to respond and, therefore, PTI denies the same.

3. (a) PRESLER TRUCKING, INC., an Illinois corporation not in good standing, employs persons represented by the Union and is bound to make contributions for weeks worked by all employees and upon subcontractors who perform work which would otherwise be performed by employees.

(b) PRESLER TRUCKING, INC., is an Illinois corporation not in good standing, with its principal place of business at Manhattan, Illinois.

(c) PRESLER TRUCKING, INC., an Illinois corporation not in good standing, is an employer engaged in an industry affecting commerce.

**ANSWER**: PTI admits that it is an Illinois corporation with its principal place of business located in Manhattan, Illinois, and at a certain time was not in good standing. Further answering, PTI admits that at certain times, it has employed individuals represented by the Union. Further answering, the remaining allegations pled in Paragraphs 3(a) through (c)

2

constitute legal conclusions, not allegations of fact to which PTI is required to respond and, therefore, PTI denies the same.

4. PRESLER TRUCKING, INC., an Illinois corporation not in good standing, entered into an Area Construction Agreement with Teamsters Local 179 which requires contributions to the Fund for periods including June 1, 2006 through May 31, 2009 pursuant to 29 U.S.C 1145.

**ANSWER**: PTI admits that a certain Area Construction Agreement is attached to the plaintiff's complaint. Further answering, the Area Construction Agreement is a document which speaks for itself and PTI denies any allegations pled in Paragraph 4 that conflict therewith. Further answering, the remaining allegations pled in Paragraph 4 constitute a legal conclusion, not allegations of fact to which PTI is required to respond and, therefore, PTI denies the same.

5. Defendant, SHARON SULLIVAN, is the President of Defendant, PRESLER TRUCKING, INC.

**ANSWER**: PTI admits the allegations pled in Paragraph 5.

6. Pursuant to the collective bargaining agreement between PRESLER TRUCKING, INC. an Illinois corporation not in good standing, and the Union, PRESLER TRUCKING, INC., has failed and continues to fail to make its obligated contributions to the Fund for the period May, 2007 through December, 2007, as disclosed in an audit which took place on January 7, 2008.

**ANSWER**: PTI admits that an audit took place on or about January 7, 2008, but denies the remaining allegations pled in Paragraph 6.

7. The audit disclosed $13,837.25 due the Welfare Fund and $13,660.72 due the Pension Fund for a total of $27,497.97.

**ANSWER**: PTI admits that pursuant to the audit, the plaintiff claims to be entitled to the sums pled in Paragraph 7, but denies that the plaintiff is entitled to the pled sum. Further answering, PTI denies any remaining allegations pled in Paragraph 7.

WHEREFORE, PRESLER TRUCKING, INC., requests that this Honorable Court enter judgment in its favor and against the plaintiff, and for any further relief the Court deems just and

appropriate.

## COUNT II

1-5.    Plaintiffs restate and reallege Paragraphs 1-5 of Count I as Paragraphs 1-5 of Count II as if fully set forth herein.

**ANSWER**:    PTI restates its answers to Paragraphs 1 through 5 of Count I as its answers to Paragraphs 1 through 5 of this, Count II, as though fully set forth herein.

6.    Pursuant to the collective bargaining agreement between PRESLER TRUCKING, INC., an Illinois corporation not in good standing, and the Union, PRESLER TRUCKING, INC., has failed and continues to fail to make its obligated contributions to the Fund for the period May, 2005 through June, 2007, as disclosed in an audit which took place on August 15, 2007.

**ANSWER**:    PTI admits that an audit took place on or about August 15, 2007, but denies that the plaintiff is entitled to the pled sum. Further answering, the remaining allegations pled in Paragraph in Paragraph 6 constitute legal conclusion, not allegations of fact to which PTI is required to respond and, therefore, PTI denies the same.

7.    The audit disclosed $7,265.25 due the Pension Fund.

**ANSWER**:    PTI admits that pursuant to the audit, the plaintiff claims to be entitled to the sums pled in Paragraph 7, but denies that the plaintiff is entitled to the pled sum. Further answering, PTI denies any remaining allegations pled in Paragraph 7.

8.    On September 28, 2007 the corporation entered into an installment note (attached as Exhibit B) with the Suburban Teamsters of Northern Illinois Pension Fund for the May, 2005 through June, 2007 contributions in the principal amount of $7,225.70 with a balance remaining of $3,703.07 for the payment of delinquent benefit contributions (Exhibit C).

**ANSWER**:    PTI admits that a certain installment note is attached to the plaintiff's Complaint as Exhibit B. Further answering, Exhibit B is a document which speaks for itself and PTI denies any allegations pled in Paragraph 8 that conflict therewith. Further responding, PTI admits that Exhibit B states a principal amount of $7,225.70 and Exhibit C claims the amount of $3,703.07 remaining due pursuant to Exhibit B. Further responding, PTI denies the remaining

allegations pled in Paragraph 8.

9.     The note acknowledges on its face that it is a written agreement and constitutes an instrument in writing upon which contributions are due pursuant to 29 U.S.C. 1145.

**ANSWER**:   PTI admits that a certain installment note is attached to the plaintiff's Complaint as Exhibit B.  Further answering, Exhibit B is a document which speaks for itself and PTI denies any allegations pled in Paragraph 8 that conflict therewith.  PTI denies any remaining allegations pled in Paragraph 9.

WHEREFORE, PRESLER TRUCKING, INC., requests that this Honorable Court enter judgment in its favor and against the plaintiff, and for any further relief the Court deems just and appropriate.

## COUNT III

### SHARON SULLIVAN

1.     This Count arises from a common nucleus of operative fact with Count II and is pendent thereto.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. 1367.

**ANSWER**:   The allegations pled in Paragraph 1 constitute a legal conclusion, not allegations of fact to which Sullivan is required to respond and, therefore, she denies the same.

2-9 (*sic*).     Plaintiffs restate and reallege Paragraphs 1-9 of Count II as Paragraphs 2-9 of Count III as if fully set forth herein.

**ANSWER**:   Sullivan restates her answers to Paragraphs 1 through 9 of Count II as her answers to Paragraphs 2 through 9 (*sic*) of this, Count III, as though fully set forth herein.

10 (*sic*).     SHARON SULLIVAN signed the Pension promissory note individually in her personal capacity, as an additional maker on the notes (Exhibit B), SHARON SULLIVAN is an adult, suffers from no mental infirmities and is literate.

**ANSWER**:   Sullivan admits that Exhibit B bears her signature and that she is an adult, suffers from no mental infirmities and is literate.  Further responding, the remaining allegations pled in Paragraph 10 constitute a legal conclusion, not allegations of fact to which Sullivan is

5

required to respond and, therefore, she denies the same.

11 (*sic*). The Defendant corporation lacks the present ability to pay its fringe benefit debt and demand has been made for payment.

**ANSWER**: Sullivan admits that a certain demand for payment has been made, but denies the remaining allegations pled in Paragraph 11.

12 (*sic*). The remaining balance due the Pension Fund on the note is $3,703.07 plus interest and attorneys fees and cost of collection as provided in the terms of the note.

**ANSWER**: Sullivan denies the allegations pled in Paragraph 12.

13 (*sic*). SHARON SULLIVAN, individually as co-maker and guarantor on the notes is personally liable for the debt.

**ANSWER**: Sullivan denies the allegations pled in Paragraph 13.

WHEREFORE, SHARON SULLIVAN, requests that this Honorable Court enter judgment in her favor and against the plaintiff, and for any further relief the Court deems just and appropriate.

> Respectfully submitted,
>
> COMMAND MANAGEMENT SERVICES, INC.
>
> By:/s/ Jeremy P. Kreger
> One of its Attorneys

Ronald A. Damashek (ARDC # 6183820)
Jeremy P. Kreger (ARDC # 6280403)
Stahl Cowen Crowley Addis LLC
55 West Monroe Street, Suite 1200
Chicago, Illinois 60603
(312) 641-0060

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I served the foregoing **Answer to Complaint**, upon the registered CM/ECF users as reflected on the Notice of Electronic Filing on June 25, 2008.

By: __/s/Jeremy P. Kreger__
One of its attorneys

Ronald A. Damashek (ARDC # 6183820)
Jeremy P. Kreger (ARDC # 6280403)
Stahl Cowen Crowley Addis LLC
55 W. Monroe Street, Suite 1200
Chicago, Illinois 60603
Telephone: (312) 641-0060
Facsimile: (312) 641-6959